## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFARI JOHN-MARC, *et al.*, | ) |
| | ) |
| Plaintiffs, | )   Civil Action No. 21-214 |
| | ) |
| v. | )   Judge Cathy Bissoon |
| | ) |
| ALLEGHENY COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Defendants' Motion to Dismiss (Doc. 7) will be granted in part and denied in part, as described below.

Plaintiffs are a husband and wife, originally from Burundi (Africa), who have resettled in Pittsburgh as part of a refugee resettlement program.  Compl. (Doc. 1) at ¶ 9.  They have brought this Section 1983 action against Allegheny County, and two of its Children, Youth & Families ("CYF") caseworkers, because their infant child, I.J., temporarily was removed from their custody.  *See id.*  I.J. appears to have been removed exclusively on the basis that Plaintiffs' four older children previously had been removed and, as of I.J.'s birth, had not been returned.  *See id.*  Plaintiffs' claims sound in substantive due process (Count I), procedural due process (Count II), equal protection (Count III) and Fourth Amendment seizure (un-numbered).[1]

Defendants seek dismissal on the bases of absolute and qualified immunity. Absolute immunity is unavailable because Plaintiffs allege that Defendants conducted an

---

[1] Baby I.J. also is named as a Plaintiff, but only for the purposes of the Fourth Amendment claim.  *See id.*, above ¶ 94.  That claim is subject to dismissal, *see* discussions *infra*, and – accordingly – the child will be dismissed as a party.

inadequate investigation before removing I.J., and absolute immunity does not extend to investigatory functions. See Hatfield v. Berube, 2017 WL 2559635, *10 (W.D. Pa. Jun. 13, 2017) ("absolute immunity does not apply to [a caseworker's] involvement in allegedly failing to conduct an adequate pre-removal investigation"), *aff'd on same grounds*, 714 Fed. Appx. 99, 104 (3d Cir. Sept. 29, 2017). Qualified immunity is inappropriate, at this stage in the proceedings, because the defense must appear on the face of the Complaint – which it does not – and "it is generally unwise to venture into a qualified immunity analysis at the pleading stage[,] as it is necessary to develop the factual record in the vast majority of cases." Thomas v. Indep. Twp., 463 F.3d 285, 291 (3d Cir. 2006) (defense must appear on the face of the complaint); Olson v. Ako, 724 Fed. Appx. 160, 165 (3d Cir. Mar. 20, 2018) (reflecting Circuit's continuing adherence, post *Iqbal/Twombly*, to its general disinclination to examine qualified immunity at the pleading stage) (citation to quoted source omitted).

Defendant's Monell challenge likewise fails because Plaintiffs specifically allege a County policy – namely, its seeking emergency protective custody of a newborn based on prior children's dependency proceedings.

Turning to the contents of Plaintiffs' pleadings, dismissal of the substantive due process claim (Count I) is unwarranted. This Court has declined dismissal where the policy in question is alleged to have eliminated an individualized assessment regarding child-welfare. Bower v. Lawrence Cnty. CYS, 2011 WL 5523712, *6 (W.D. Pa. Nov. 14, 2011) ("implementing a policy that separates a mother and a newborn child without an individualized assessment of the specific facts and circumstances at hand and proceeds expeditiously and blindly based on a single piece of information that does not supply reasonable suspicion of child endangerment or ongoing

abuse . . . is counter to the traditions, precedents and historical understanding of the [law]");

*accord* Mort v. Lawrence Cnty. CYS, 2011 WL 3862641, *10 (W.D. Pa. Aug. 31, 2011).[2]

Defendants' challenge to Plaintiffs' equal protection claim (Count III) likewise fails. According to the Complaint, one of the caseworkers testified that emergency custody was sought because "they did not know Parent Plaintiffs' culture regarding the care of newborns," and "kinship care" was not sought because "they believed that all of the family and close friends of Parent Plaintiffs . . . share[d] the same culture." Compl. at ¶¶ 37-38. Although Defendants argue that other parents are not alleged to have been treated differently, such an inference reasonably may be drawn from the pleadings (whether within the context of the policy referenced above, or otherwise).

The remaining claims are subject to dismissal. Plaintiffs' procedural due process claim (Count II), in essence, is a reformulation of the substantive due process claim. *See* Compl. at ¶¶ 80-85 (claiming that, because I.J. was not in imminent danger, Plaintiffs should have been afforded notice and an opportunity to respond before emergency removal). As the Complaint itself reveals, significant process was afforded. I.J. was removed on November, 12, 2019. A "permanency review hearing" was held the next day, at which one of the Defendant-

---

[2] In Bower and Mort, the policy at issue was the county's immediate removal of a newborn based on the mother's positive drug test. To be sure, the policy here – emergency removal of a newborn based on prior children's unresolved dependency proceedings – may be legally and/or factually distinguishable. Indeed, Pennsylvania courts have confirmed the propriety (under state law, at least) of similar applications. *See, e.g.*, *In re* M.H., 2019 WL 6716291, *4 (Pa. Super. Dec. 10, 2019) ("the juvenile court was within its discretion to determine that [the newborn child] was without proper parental care at the time of the hearing based upon [m]other's long history with DHS and her failure to correct the concerns that led to the termination of parental rights to her other children"); *In re* T.W.B., 2016 WL 5210865, *1 (Pa. Super. Jul. 15, 2016) (affirming CYS's having taken emergency custody of a premature newborn child, based on the parents' past inability to care for a prior premature newborn). All the Court presently holds is that dismissal is inappropriate under the relatively lenient standards now applicable, and these matters may be revisited on summary judgment.

caseworkers testified. *See id.* at ¶ 43.[3]  A "Shelter Hearing," regarding I.J., was held on November 15th. *Id.* at ¶ 36.  I.J. was returned to her parents on November 22nd. *Id.* at ¶ 47. And a final adjudicatory hearing was held on December 18th. *Id.* at ¶ 52.

The Court sees little benefit to allowing Plaintiffs to proceed on essentially the same theory, both as a matter of substantive due process and procedural due process.  For the reasons stated, the former claim survives dismissal, and the latter does not.

Finally, Plaintiffs' Fourth Amendment seizure claim must be dismissed.  Plaintiffs' opposition brief makes no effort to resist Defendants' challenge, as the words "Fourth Amendment" and "seizure" appear nowhere within.  *See* Doc. 10.  The claim independently fails in the law.  The Court of Appeals for the Third Circuit has held that, assuming such a claim exists, a plaintiff must plausibly allege that the application for a temporary custody order "is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Studli v. CYF Cent. Reg'l Ofc., 346 Fed. Appx. 804, 809-10 (3d Cir. Sept. 9, 2009).  Here, a state court judge issued the order, and "the case workers can not be liable for conduct that was ordered by [the] trial court[,] . . . absent anything like fraud, unreasonableness or bad faith." *Id.* at 810.

While Plaintiffs obviously disagree with the caseworkers' judgment, they do not plausibly allege conduct rising to the level of fraud, unreasonableness or bad faith, at least as contemplated in Studli.  The Fourth Amendment claim is legally deficient, and only serves to detract from Plaintiffs' actionable theories.

---

[3] Presumably, the permanency hearing related to the prior-removed children.  It appears almost unimaginable that baby I.J. did not "come up" at the hearing.  Were Plaintiffs to allege otherwise, however, dismissal of the claim would be no less warranted.

For all of the reasons stated above, Defendants' Motion to Dismiss (**Doc. 7**) is **GRANTED** regarding procedural due process (Count II) and Plaintiffs' un-numbered Fourth Amendment claim; and it is **DENIED** regarding the substantive due process and equal protection claims (Counts I & III).

IT IS SO ORDERED.

December 21, 2021                                     s\Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record